SUSAN S. GIBSON, *Administratrix of* BUSHROD R. GIBSON, *v.* DANIEL RIX.

*Promissory Note. Principal and surety. Payment.*

When the liability of a surety upon a promissory note has been once discharged by an arrangement between the principal promisor and the payee, by which the note is paid, no subsequent retraction or waiver of the payment by the principal promisor with the consent of the payee or his representatives, to which the surety was not a party or privy, though it should restore the obli-gation of the note so far as the principal is concerned, can revive the liability of the surety upon it.

ASSUMPSIT upon a promissory note, dated December 15, 1854, for one hundred dollars, payable to the intestate or order, February 1, 1858, with interest annually after January 15th, 1855. Plea the general issue, and trial by the court, at the May Term, 1859,—REDFIELD, Ch. J., presiding.

The note was read in evidence, and the plaintiff's authority as administratrix was admitted.

In defence it was shown to the satisfaction of the court, that the defendant signed the note with one Levi Rix, and as his surety. This note was given with two others, one of fifty dollars and one of one hundred dollars, and the three were payable respectively on the first days of February, 1856, 1857 and 1858. After two of the notes became due the intestate called upon Levi Rix for payment, and Levi told him he must trustee such persons as were owing him, naming them, which was done, and before

the return day of the writs these persons came in to settle, and it was mutually agreed that the intestate should take such of their notes as he considered good, and it was agreed between him and Levi Rix that he should take such notes, at his own risk, in payment of the three notes in question. The parties had a reckoning as to the amount, and ascertained that t¹e notes were in this mode overpaid some twelve or fifteen · dollars. It remained in this way till near the death of the intestate, when he sent back to Levi Rix one of the notes taken in payment, which was not then due, but was secured by mortgage on real estate. Levi, supposing that the intestate did not wish to retain it, because of its not being then due, took it and has since retained it. He then had no knowledge that the intestate had parted with, or intended to part with, either of the three notes.

But it afterwards appeared that about three weeks before he died, which was on the 25th of March, 1858, the intestate sold and delivered the note in suit to one William W. Gibson, as payment upon notes he owed him, and about the first of May, 1858, the latter sold and delivered it to another person for a valuable consideration for whose benefit this suit is brought by consent of the plaintiff.

Levi Rix had notice from William Gibson of the transfer of the note to him a few days after the death of the intestate. When the commissioners on the estate of the intestate met, Levi Rix, supposing that to be the course to save his rights, presented his claim and it was allowed against the estate in full, including all the payments on these notes, amounting to two hundred and forty-five dollars and thirty-seven cents, and two of the three notes (the one in suit being excluded,) with a small balance of account, were allowed as an offset, being one hundred and eighty dollars, leaving a balance of sixty-five dollars and thirty-seven cents in favor of Levi Rix, which had been made as a payment upon the note in suit.

Levi Rix paid into court the amount due upon the note in suit, except the balance of sixty-five dollars and thirty-seven cents, and all the costs up to and including the term at which the case was tried, which was accepted and taken out of court by the party for whose benefit this suit is prosecuted.

The court decided that the plaintiff was entitled to recover the balance remaining unpaid upon this note, but that the judgment should be certified to the probate court to enable that court to offset the same against the amount allowed to Levi Rix for what was in fact a payment of the very sum for which this judgment is recovered, if the probate court should deem the same equitable and just.

To this decision both parties excepted.

*Washburn & Marsh*, for the plaintiff.

*Converse & French*, for the defendant.

KELLOGG, J.   The statement, in the bill of exceptions, of the facts shown to the satisfaction of the county court on the trial, is in the nature of a special verdict or case, upon which judgment was rendered in that court, and this court is called upon to revise the case only in reference to the conclusions of law which are applicable to the facts so found.

It is expressly found by the county court that the notes of the persons summoned as the trustees of Levi Rix, the defendant's principal, which were taken by the intestate under an agreement between him and said Levi, were received and accepted by the intestate in payment of the three notes, including the note in suit, which were executed to him by the said Levi and the defendant. This is equivalent to an agreement upon good consideration for the substitution of new debtors, and when the notes of the persons summoned as trustees were delivered to the intestate, and accepted by him, it became an accord executed, and would have the effect to release and extinguish the liability of Levi Rix and the defendant on the three notes executed by them to the intestate.   The defendant, bearing the relation of surety on these notes, and his liability being but an accessory to that of his principal, comes within the application of the rule, well established both at law and in equity, that a discharge to the principal is a discharge to the surety ; (Byles on Bills, p. 189.)   The note in suit not having been transferred by the intestate until after it became due, it must be treated as being subject, while in the

hands of William W. Gibson, to whom it was so transferred by the intestate, as well as in the hands of the present holder, for whose benefit this suit is prosecuted in the name and by the consent of the plaintiff as the personal representative of the intestate, to the same equities or defences which would attach to it if it was held in the right of the intestate, and the suit was prosecuted for the benefit of his estate.

But it is contended on the part of the plaintiff that Levi Rix having presented a claim to the commissioners on the estate of the intestate for the payments made by him on the three notes, and the amount of those payments having been allowed to him as a claim against that estate, those payments are merged in that allowance, and should be treated as having been waived. It was undoubtedly competent for Levi Rix, with the consent of the intestate in his lifetime, or of his administratrix after his decease, to retract any payment which he made on the note in suit, and thereby to restore the obligation of the note, so far as he was concerned individually ; but after the liability of the defendant upon this note was released and discharged, it could only be restored by his own agreement or consent, and could not be revived or in any manner affected by any act of Levi Rix, his principal, to which he was not a party or privy. The presenting by Levi Rix before the commissioners on the estate of the intestate, of his claim against that estate, and the allowance of that claim by the commissioners as stated in the bill of exceptions, would therefore, whatever might be its effect as against him, be entitled to no effect whatever as against the defendant, unless accompanied by proof that such presentation and allowance was made with the privity and consent of the defendant. No such fact appears in the case, nor does it appear that the return by the intestate to Levi Rix of one of the notes which the intestate took from him in payment as above mentioned, was with the consent or knowledge of the defendant. If the liability of the defendant on the note in suit had not been satisfied and discharged, he might well have complained of the giving up by the intestate to his principal of any security which the intestate held for the payment of that note, if it was done without his consent, for it is a doctrine of equity that the surety is entitled to the benefit of all the

securities and remedies which the creditor may hold against the principal.

We consider that, upon the facts found by the county court, the defendant was entitled to a judgment in his favor, and the examination of other questions raised on the argument accordingly becomes unnecessary. The judgment of the county court is reversed, and judgment rendered in favor of the defendant.