## George A. Miller *et al.*

### *v.*

## William Montgomery.

1. Payment — *subsequent application to another debt.* Where a payment has been properly applied upon a particular note, it is instantly extinguished to the extent of the payment made ; and the note being made by several, it can never, afterwards, be revived against any of the parties, without the consent of all.

2. So, a payment having once been applied upon a note which was executed by several as principals, and by another as security, cannot, afterwards, be diverted from that application, to another debt, upon the mere agreement of one of the principal makers with the holder, so as to revive the original indebtedness against the security.

3. An attempt thus to revive an extinguished liability would be a fraud upon the surety.

Appeal from the Circuit Court of McHenry county ; the Hon. Isaac G. Wilson, Judge, presiding.

This was an action of *assumpsit* instituted in the Circuit Court, by Montgomery, against the appellants, upon a promissory note executed by Miller and others, as principals, and by Donnelly, as security.

Upon the trial of the issues, it appeared that several payments were indorsed ; besides which, Miller had paid to Montgomery a certain sum of money, which he directed also to be applied as a credit on that note. Montgomery gave a receipt for the sum so paid, promising to enter the credit as directed, but neglected to do so.

Subsequently, under an agreement between Miller and

Montgomery, the amount for which the receipt was given, and directed to be applied as a payment on the note, was applied upon another debt which Miller, individually, owed Montgomery.

The amounts indorsed as payments upon the note, together with the amount for which the receipt was given, would have been a full satisfaction of the debt sued for.

Montgomery knew the fact that Donnelly was only a security upon the note.

The court was asked to instruct the jury on the part of the defendants as follows:

1. If the jury believe, from the evidence, that the receipt offered in evidence was by the plaintiff and defendant, Miller, to apply on the note in question, then that it was so applied, and that such receipt satisfied in full the balance remaining due on the note, then the plaintiff cannot recover even though the jury believe that the defendant, Miller, afterwards agreed that such receipt, or any part of it, should apply on any other deal existing between Montgomery and Miller.

2. If the jury believe, from the evidence, that the note was satisfied in full by payments and receipt, then they are instructed that any afterward arrangement made by Miller, by which such payments were to be differently applied, and the indebtedness of the note revived, is not binding on the defendant, Donnelly, if the jury further believe that the plaintiff knew that Donnelly signed the note as security, unless the jury believe that Miller had authority for the other defendants to so change the application of the payments if any were made.

The Circuit Court refused each of these instructions, and the defendants excepted.

The jury found a verdict for the plaintiff; a motion for a new trial was overruled, the defendants also excepting to the ruling of the court in respect thereof; and a judgment was entered against the defendants, from which they prayed this appeal.

It is alleged that the Circuit Court erred in refusing to give each of the several instructions asked by defendants; and in overruling the motion for a new trial.

Messrs. GLOVER, COOK & CAMPBELL, for the appellants.

Mr. L. S. CHURCH, for the appellee.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

The error in this case is manifest, upon a mere statement of the facts. The note was executed to the plaintiff by Donnelly, as surety, and the other defendants, as principals; the plaintiff refusing to take the note, unless Donnelly signed it as surety. Subsequently, Miller, one of the principals, paid the plaintiff one hundred and seventy-five dollars, with express instructions that it should be applied on this note; which the plaintiff agreed to, and promised to indorse it on the note, but neglected to do so. Afterwards, by an arrangement between the plaintiff and Miller, a part of this payment, at least, was applied to other indebtedness due from the principals in the note to Montgomery, and the court below, by its instructions, allowed this payment to be so diverted, and a recovery to be had against the surety. This was manifestly erroneous. When the payment was once applied to the note, it was that instant extinguished to that extent, and could never afterwards be revived against any of the parties to the note without their consent. Miller might as well have signed a new note for Donnelly, as to revive his obligation upon an old one, which had been, in fact, paid. No question of a *bona fide* holder arises in this case. The plaintiff was cognizant of all the facts, and it was a fraud upon Donnelly to attempt, by a subsequent agreement of Miller, to revive the extinguished liability of the surety. The instructions should have been given.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*