JAMES M. HARDING *v.* WORMLEY, PRITCHETT & CO.

BILLS AND NOTES. *Principal and surety. Application of payment. Election.* A principal in several endorsed notes paid to his creditor a sum of money, which was applied as partial payment on one of the notes by the creditor, who received no directions as to its application. *Held,* That it was error for the holder of the note to erase the credit and place it upon another one of the notes, some time afterward, at the principal's request, as it violated the rights of the endorsers upon the first note, which received the payment.

### FROM SHELBY.

Appeal from the Circuit Court.    C. W. HEISKELL, Judge.

J. E. TEMPLE for plaintiff.

KORTRECHT & CRAFT for defendants.

McFARLAND, J., delivered the opinion of the court.

James M. Harding held one note on A. G. Ward, and two other notes on A. G. Ward and his wife, M. E. Ward, all endorsed by Wormley, Pritchett & Co. A. G. Ward made to Harding two payments, one of $1,000, the other $500, but at the time gave no direction as to which of the notes the payments should be applied. The notes being then all due, Harding applied the payments to the note in which A. G. Ward alone was maker, and entered credits upon the note accordingly.

Harding *v.* Wormley.

About a week or more afterward, at the request of A. G. Ward and his wife, M. E. Ward, and in their presence, Harding erased the credits and entered them upon the other notes on which M. E. Ward was joint maker with her husband. The reason given for this was, that Mrs. M. E. Ward had mortgaged her separate property to secure these two notes, and she desired the payments to go in exoneration of her property. The endorsers were not informed of this change, and did not assent to it. This suit is against the endorsers, and the question was, whether or not they were entitled to the credits that had been entered upon the notes and erased. The circuit judge held they were.

The general principle is, that the debtor has the right at the time to elect to which of the several debts the payment shall be applied, but unless he exercise this right at the time, he cannot afterward do so. *Reynolds* v. *McFarlin,* 1 Tenn. If the debtor fails at the time to direct the appropriation, the creditor may apply the payment. This, as a general rule, is not denied, but it is argued that the creditor and debtor may agree to change the credit and place it upon another debt. As between themselves they might, but in this case the creditor, having exercised a right which he clearly had, and entered the credit, the payment of the note to that extent was complete, and this part of the debt could not afterward be revived against the endorsers without their consent. It is said that Mrs. Ward had no opportunity to direct the appropriation of the payment at the time it was made.

There is nothing to show that the money paid belonged to her. The presumption is, it belonged to her husband, and consequently she had no right to direct the appropriation of these payments.

There is no error in the record, and the judgment will be affirmed.