T. J. Mitchell *et al.,* Appellees, v. C. W. Wheeler *et al.,* Appellants.

**Bills and Notes:** application of payments: withdrawal. Where a creditor rightfully applies the funds of a debtor to the payment of his note which is signed by a surety, the same operates as a discharge of the surety to that extent, and a subsequent withdrawal of the application at the request of the principal alone will not affect the liability of the surety.

*Appeal from Woodbury District Court.*—Hon. Wm. Hutchinson, Judge.

Saturday, January 23, 1904.

Action upon a promissory note for the sum of $3,766, dated September 20, 1899, due on or before May 20, 1900, given to plaintiffs, as payees, by the defendant C. W. Wheeler as principal and his codefendant, Martha A. Wheeler, as surety. Two payments were made and indorsed on the note, concerning which there is no dispute—February 23, 1900, $945.41; April 4, 1900, $62.58. The controversy between the parties has relation solely to the amount that should be credited upon the note as a further payment of date April 4, 1900. Previous to that date the note had been sold to the banking firm of Weare & Allison in Sioux City. On that date the defendant C. W. Wheeler made a sale of cattle through commission merchants in Sioux City, the amount realized being $2,883.17. The commission merchants deposited said amount in the bank of Weare & Allison for the benefit of defendant C. W. Wheeler, and upon its own motion, and without direction from any one, the bank credited said amount on the note in suit, and a proper indorsement in form to that effect was made upon the back thereof. Both defendants were notified by the bank at once of the fact of

the indorsement. It appears that at some previous date defendant C. W. Wheeler had given his individual note to a firm named Steele & Co. for the sum of $368.59. On the date in question that note was also owned and held by said bank. About April 6, 1900, a member of the Steele firm and defendant C. W. Wheeler appeared at the bank, and the latter gave instructions to change the payment application, and apply so much of the cattle proceeds as necessary to the payment of the Steele note in full; the balance remaining only to be credited upon the note in suit. This was done by the bank, and the credit indorsement on the note in suit changed to the sum of $2,452; the Steele note was thereupon canceled and delivered to C. W. Wheeler. Of the transaction thus had the defendant Martha A. Wheeler had no knowledge whatever until the bringing of this suit, which was in December, 1901. Before the commencement of this action the note in suit was retransferred by the bank to these plaintiffs, and they now claim the balance due on said note to be the sum of $526.42, with interest. The defendant C. W. Wheeler permitted judgment by default to be entered against him for the amount claimed by plaintiffs. The defendant Martha A. Wheeler made answer, setting up the facts relative to the indorsement on the note, and the subsequent change thereof without her knowledge or consent, and alleging that the amount due on said note was but the sum of $92, with interest. The further facts material to be considered will be found stated in the opinion. Trial was begun before a jury. At the close of all the evidence, and on motion of plaintiffs, the jury was instructed to return a verdict in favor of plaintiffs in the sum of $533, and this was done, and judgment against Martha A. Wheeler for said sum was thereupon entered. Defendant Martha A. Wheeler appeals.—*Reversed.*

*W. G. Sears* for appellant.

*Henderson & Fribourg* for appellees.

BISHOP, J.—The situation of the parties on April 4, 1900, may be summed up in brief thus: Weare & Allison owned and were in possession of the Mitchell note, signed by both defendants, and the Steele note, signed by C. W. Wheeler alone. No directions as to the application of the proceeds of the cattle sale having been given, the bank applied the whole amount in payment of the note in suit, and gave notice thereof in writing to defendant C. W. Wheeler, who in turn delivered such written notice to his co-defendant, Martha A. Wheeler. Now, where a partial payment is made by a person indebted on more than one account, the general rule, acknowledged in all the cases, is that the person paying may, at or before the time of payment, prescribe the application of the payment. If he omits to do so, the creditor may apply it as he pleases. Counsel for appellees do not question this rule. It is their contention that the application of the cattle money as a whole to the payment of the note in suit was an error, and that the change in the application and indorsement was made to correct such error. Error in making the application is alleged as a conclusion in the reply filed by plaintiffs, but the pleading is silent as to the nature and character of such error. Turning to the evidence, we find nothing whatever tending to prove that the application made was the result of error. It seems that on the day the change was made one of the members of the firm of Steele & Co. went to the bank and stated that the Steele note should be paid in full from the cattle proceeds. The bank refused to act in the absence of Wheeler. Later in the day Steele and Wheeler came into the bank together, and the change in the indorsement was made under instructions of Wheeler. At the time thereof Wheeler stated that a part of the cattle sold were under mortgage to Steele & Co. to secure payment of their note; that the same were sufficient in value to pay such note, and the Steele note must be paid out of such money.

That it was competent for C. W. Wheeler and the bank, as affecting themselves alone, to agree upon a change in the

indorsement cannot be doubted.  But the parties thus acting
could not, by force of a simple agreement between themselves,
affect any right then vested in the surety defendant.  Now,
should it be conceded that the proof shows that material
error was involved in the making of the indorsement in the
first instance, it then could be said that there are many cases
holding that such error might well be corrected by the prin-
cipal parties to the note without consulting the surety; it
being made to appear, of course, that the change was made
in good faith; and no grounds appearing upon which to rest
a plea of estoppel.  But, as we read the record before us, no
such case is made out.  It does not appear that there was any
understanding, much less agreement, between the owner of
the notes and the principal maker thereof, in respect to the
application of payments.  In the face of this fact, there could
be no such thing as an erroneous indorsement.  It would
seem that C. W. Wheeler was induced to request the change
in the indorsement by Steele, but what interest Steele had in
the matter does not appear.  Even if he was interested in
some undisclosed way, still it is not made to appear that there
had been any understanding or agreement with him that the
note formerly owned by his firm was to be paid out of the
cattle proceeds.  It may be that the fact, conceding the ex-
istence thereof, that a mortgage had been given on part of the
cattle to secure the Steele note, made it logically proper that
such note should be paid from the proceeds of the property
thus mortgaged.  But there is no proof of such mortgage,
such as can be binding on Martha A. Wheeler.  The state-
ment made by C. W. Wheeler while in the bank, if sufficient
to bind him as an admission, could not be accepted as proof
of the essential fact, so that his co-defendant in any way be-
came bound thereby.  But, if this were not so, it still remains
true that the bank, as owner of both notes, and hence of any
security given for the payment thereof, had the absolute right
to make application as it pleased, and of this right it made
exercise.  Such being the facts, it follows that no change
could there after be made in the indorsement without the

consent of the surety. The debt, as to her, was paid by the application made, and it could not be revived in the absence of authority given by her therefor. Counsel for appellant cite the following cases, which upon examination will be found to be in point: *Harding v. Wormley,* 67 Tenn. 578; *Baugher v. Duphorn,* 9 Gill (Md.) 314.

We conclude that in sustaining the motion to direct a verdict the trial court was in error, and the judgment must be and it is REVERSED.