T. J. MITCHELL, ET AL., Appellees, v. C. W. WHEELER, ET AL., Appellants.

**Payment:** APPLICATION OF FUNDS: DISCHARGE OF SURETY. The application by a creditor of funds of a debtor, without direction, to the payment of a note signed by a surety operates to discharge the surety, and the credit cannot thereafter be withdrawn without consent of the surety and applied upon another note signed by the principal debtor alone so as to revive the liability of the surety, even though the funds were derived from a sale of property on which there was a mortgage securing the note not signed by the surety.

*Appeal from Woodbury District Court.*— HON. G. W. WAKEFIELD, Judge.

FRIDAY, SEPTEMBER 21, 1906.

ACTION to recover a balance due on a promissory note. There was judgment on default as against the defendant C. W. Wheeler. The defendant Martha A. Wheeler answered, and she appeals from a judgment on verdict as against her in favor of plaintiffs. *Reversed.*

*W. G. Sears,* for appellant.

*Henderson & Fribourg,* for appellees.

BISHOP, J.— This is the second appeal in this case. For the opinion on the former appeal see 122 Iowa, 368.

Save in the respects presently to be noted, the facts appearing in the record now before us are identical with those embraced in the record on the former appeal, and, as to such, we need do no more than to make reference to our statement of facts and opinion on that appeal. On the instant trial the additional fact was made to appear that at the time of the transfer of the Steele & Co. note to Weare & Allison the former firm indorsed on the back thereof a guaranty of payment. Plaintiffs also sought to show that in the lot of cattle sold by defendant C. W. Wheeler to Long & Hanson there was included a number of the steers covered by the mortgage to Steele & Co. and that such were of sufficient value and sold for a sufficient sum to pay and cancel the note secured by said mortgage. At the close of the evidence, the defendant moved for an instructed verdict in her favor, one of the grounds being that as to her the debt evidenced by the note sued upon had been extinguished *pro tanto* by the application of payment made by Weare & Allison; that the attempt to revive such debt as against her was without her knowledge and consent, and, being un-

authorized, was void. The thought of the motion also found expression in a request for instruction, and in the motion for new trial. We think the motion to direct a verdict should have been sustained. It will be observed that Weare & Allison were the owners of both the Mitchell and the Steele notes. The money received from Long & Hanson was without any direction as to application of payment, and was credited on the Mitchell note upon which appellant was surety, and she was notified in writing of such action. As to her then the debt became paid. And in such cases there can be no revivor of liability except by consent. This was settled by our former opinion in the case. See, also 27 Am. & Eng. Ency. citing the following cases: *Miller v. Montgomery,* 31 Ill. 350; *Bank v. Freund,* 80 Mo. App. 657; *Gibson v. Rix,* 32 Vt. 824; *Bank v. Harris,* 7 Wash. 139 (34 Pac. 466); Brandt on Suretyship, section 333.

Counsel for appellee argue in respect of the judgment, however, that, as a portion of the money paid in to Weare & Allison on account of C. W. Wheeler was proceeds arising from a sale of stock covered by the Steele & Co. mortgage, we have a case for an exception to the general rule. The argument is that in view of the liability of Steele & Co. on their contract of guaranty, it was their right as against both Wheeler and Weare & Allison to insist upon an application of the sale proceeds of the stock covered by the mortgage given them to the payment of the note secured by such mortgage; that as appellant was subject to this right she cannot be heard to complain because of the change in appropriation of payment from the debt on which she was obligated to the guaranty debt on which they were obligated. We cannot admit of merit in this contention. In the first place, it may be doubted whether the record bears out the assumption of fact upon which the argument is based. To prove that a portion of the sum paid Weare & Allison was proceeds arising from the Steele cattle, plaintiffs offered evidence of a verbal admission to that effect made by C. W. Wheeler at the time of

the change in application of payment. Plaintiffs then introduced said Wheeler at a witness and he not only denied having made any such admission, but denied that he had sold any of the Steele cattle; he also stated in detail the disposition that had been otherwise made of the cattle. But aside from this, the transaction involving the application of payment as between Weare & Allison—the owners of both notes— and the defendant C. W. Wheeler, was a completed one, and, in any event, it became completed as to Mrs. Wheeler when she was notified by the former of the fact of payment. And this we think is true without regard to the source from which the payment money was derived. Such is the doctrine of the text in Brandt on Suretyship, section 330, and it seems to be well grounded in reason. At least the application should be allowed to stand in her favor until otherwise ordered in a proceeding to which she becomes a party. It is to be borne in mind that in the situation as presented we are not concerned with any inquiry into the rights existing at any time between Steele & Co. and Weare & Allison. It may be that as against the latter the former, if demand had been made in time, or perhaps in some contingency without demand, had the right to have application made so as to satisfy their contract of guaranty. Be that as it may, the fact remains in favor of this surety defendant that when the money of her principal came into the hands of the owner of her obligation, the latter chose to apply it in payment and cancellation of that obligation. If her principal or the owner of the obligation in so doing violated any obligation to a third person, unrelated to her, the responsibility is with them and not with her. As we have already seen C. W. Wheeler was not authorized after application of payment had been made in favor of his wife to restore her to a position of liability by an express agreement moving from himself alone, and much less could he bind her by a simple admission as to the source from which he derived the money used to extinguish her liability. And

we may add that Weare & Allison, having made application of payment as was their right, and having notified Mrs. Wheeler thereof, had no power acting in her absence and without her consent to reinvest her with a liability from which she had been by their deliberate act liberated. And no agreement between Steele & Co. — parties in no sense in privity with her — and C. W. Wheeler, could serve as a grant of such power. Moreover, these plaintiffs had no interest in .the Steele indebtedness. And they sue as owners of the dishonored note by assignment from Weare & Allison. Accordingly they can be heard to claim no higher or greater right than was possessed by their assignors. As the latter could not recover, the plaintiffs cannot.— *Reversed.*