Benjamin Mazur, Appellee, v. Louis Stein and Marie Stein, Appellants.

Gen. No. 42,173.

Heard in the second division of this court for the first district at the February term, 1942. Opinion filed May 14, 1942.

Karlin & Cohen, of Chicago, for appellants.

No appearance for appellee.

Mr. Justice Sullivan delivered the opinion of the court.

First mortgage bonds in the total principal sum of $335,000 were executed and issued by the West End Pine Building Corporation on February 1, 1929. To secure the payment of such bonds a trust deed on certain premises in the city of Chicago and a chattel mortgage on the furniture in said premises were also executed by said corporation on the same date. The bonds contained on the reverse side thereof the unconditional written guaranty, of Louis Stein and Marie Stein to pay the principal and interest when due if the principal defaulted in the payment of same. Each bond contained a warrant of attorney to confess judgment in case of default in payment and the guaranty provided: "And to further secure the holder hereof, we hereby agree that judgment may be entered against the undersigned jointly or severally in accordance with the warrant of attorney on the face hereof for such amount as is due in accordance with the terms of the within bond and we hereby appoint any attorney of any court of record irrevocably for us, hereby ratifying and confirming all that the said attorney may do by virtue hereof." The bonds being in default as to both principal and interest the trustee accelerated payment on August 5, 1931 and filed a complaint to foreclose on August 27, 1931.

Thereafter, on September 25, 1935, the owners and holders of some of the bonds filed a petition in the United States District Court under sections 77A and 77B of the Bankruptcy Act against the West End Pine Building Corporation, the maker of the bonds, for reorganization of said corporation's assets and liabilities. A proposed plan of reorganization was approved and a decree entered by the United States District Court confirming same on June 24, 1936.

Benjamin Mazur, the plaintiff in the instant case, was the owner and holder of two of the $500 bonds of the issue involved in the reorganization proceeding in

the Federal Court. He had neither deposited his bonds nor accepted the plan of reorganization approved and confirmed by the decree of said court. October 3, 1941 Mazur caused a judgment by confession to be entered in the municipal court of Chicago against the guarantors for $1,853.50, which included $1,000 principal due on his two bonds, $686.67 interest and $166.83 attorney's fees. On October 16, 1941 Louis Stein and Marie Stein, the guarantors, who are the defendants in the case at bar, by leave of court filed a motion and verified petition to open the judgment by confession and for leave to appear and defend. Plaintiff filed a motion to dismiss defendants' motion and petition. On December 30, 1941 the trial court denied defendants' motion to vacate the judgment entered by confession. Defendants prosecute this appeal from said order. Plaintiff filed no brief.

The defenses set forth in defendants' petition to reopen the judgment and for leave to appear and defend are (1) "that by the decree of the Federal Court, the bonds guaranteed by the defendants were satisfied, canceled and extinguished and therefore the guarantors' liability thereon ceased and was terminated" and (2) "that when the trustee accelerated payment on said bonds August 5, 1931 and filed his bill of foreclosure, August 27, 1931, the guarantors became immediately liable on their agreement of guaranty; and the Statute of Limitations began to run from date of acceleration. The suit not having been filed until October 3, 1941 was therefore barred."

Plaintiff's position in the trial court, as it appears from his motion to dismiss defendants' petition to open the judgment, is as follows:

"That the petition on its face shows that the defendants have no good and meritorious defense to the action brought herein.

"That the petition on its face shows that the proceedings instituted in the District Court of the United States of America in case Number 61381, did not, ex-

cept as hereinafter specified, vacate the obligation of the defendants as guarantors on the bond herein sued upon;

" . . .

"That the acceleration of the time of payment was made by the trustee under the trust deed and had reference only to the right of foreclosure and in no way affected the liability of the guarantors under the said bond."

Defendants first contend that since "the Federal Court under Section 77B of the Bankruptcy Act has the power to satisfy and cancel claims," the decree of the United States District Court ordering that "the claims of any of the holders of any of the bonds issued under the said Trust deed and interest coupons appertaining thereto and of any of the claims under said Chattel Mortgage against the Debtor herein, shall likewise forever be satisfied, released, discharged, canceled and extinguished," also released and discharged the guarantors of any further liability on the bonds. This contention is without merit. There is no question but that by the decree of the United States District Court the debt due from the principal debtor on all of the bonds secured by the trust deed was satisfied. (*Barnett v. Gitlitz*, 290 Ill. App. 212.) Defendants state in their brief that "the Courts have repeatedly held that payment or satisfaction of the original claim discharges the guarantor of and from his liability, and thus, where in the instant case the Federal Court by its decree satisfied, extinguished and discharged the bond which these defendants guaranteed, the guarantor's liability ceased," and cite several authorities in support of this principle of law. As a general rule discharge, satisfaction or extinction of the principal obligation, discharges the obligation of the guarantor. However, the Bankruptcy Act itself contains an exception to this rule. It expressly provides by section 16 thereof (11 U. S. C. A, par. 34)

that "the liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." While defendants do not state directly that this section is not applicable to proceedings under section 77B, they leave it to be inferred that it does not. The case of *In re Diversey Building Corp.*, 86 F. (2d) 456, involved proceedings under section 77B of the Bankruptcy Act and it was there held that section 16 of said act was applicable to proceedings for reorganization under section 77B. The provision in the Bankruptcy Act that the liability of a guarantor shall not be altered by the discharge of the bankrupt renders unavailing defendants' alleged defense that the discharge of the principal debtor in the reorganization proceedings in the Federal Court released the guarantors from their obligation on the bonds upon which this action is predicated.

It should be noted that in the reorganization proceedings in the United States District Court involving the bonds of the West End Pine Building Corporation, which defendants guaranteed, no issue was raised and no order entered pertaining to the release of the guarantors.

The second defense advanced by defendants in their petition to vacate the judgment by confession was that "when the trustee accelerated payment on said bonds August 5, 1931 and filed his bill of foreclosure, August 27, 1931 the guarantors became immediately liable on their agreement of guaranty; and the Statute of Limitations began to run from date of acceleration. The suit not having been filed until October 3, 1941 was therefore barred." We think this defense to plaintiff's claim against defendants on their guaranty agreement is meritorious. Said agreement being an independent undertaking, the liability of the makers thereof must be determined from that instrument. The guaranty agreement provided specifically that

the guarantors shall promptly pay each bond ''as and when same shall in *any manner* be or become due *either* according to its terms or *earlier maturity* thereof pursuant to the provisions of the within bond or pursuant to the provisions of the trust deed securing the same.'' (Italics ours.) Under this provision the defendant became liable immediately upon their ''*earlier maturity*'' by reason of the acceleration of payment on August 5, 1931. Thus more than ten years had elapsed from the time the payment of the bonds was accelerated on August 5, 1931 until plaintiff instituted this action on October 3, 1941.

Under the statute of limitations a cause of action accrues when facts exist which authorize one party to maintain an action against another. The moment a creditor may legally demand payment the statute of limitations begins to run, because at that moment a cause of action has actually accrued. (*Katt v. Chapman*, 248 Ill App. 12.) Plaintiff's bonds, according to their terms, were payable August 1, 1936, but, as already stated, because of the default of the makers thereof, their payment was accelerated to August 5, 1931. Under the provisions of the bonds and the trust deed the option to accelerate was not with the owners and holders of the bonds. It was solely with the trustee and the trustee had the power to act for all the bondholders in the matter of accelerating payment, which he did. All that was necessary to be done to create the liability of the guarantors on August 5, 1931 was done and on that date the holders of the bonds without further action on their part had the right to proceed against the guarantors. The guarantee agreement upon which the defendants herein became liable contained no fixed date as to when their liability would commence. Such liability was contingent upon the default in payment by the principal. This clearly appears from the provision of the guaranty heretofore set forth, wherein the guarantors agree to pay each

bond as and when same shall in any manner be or become due.

Plaintiff urged in the trial court that the acceleration of the time of payment of the bonds made by the trustee under the trust deed was solely for the purpose of instituting foreclosure proceedings and in no way affected the date of maturity of said bonds or the guarantors' liability thereon. Plaintiff's position in this regard is untenable. In *Seebirt v. Ritholz*, 282 Ill. App. 392, there was a guaranty agreement somewhat similar to that involved herein. There the trustee upon default in payment of interest and principal accelerated the entire indebtedness and instituted foreclosure proceedings. A holder of a bond instituted suit upon the guaranty basing his action on the acceleration made by the trustee. In that case, as here, no power to accelerate was given to the bondholder. Defendant guarantor therein contended that the acceleration was merely for the purpose of bringing a foreclosure on the entire bond issue and that no suit could be instituted on the bonds or guaranty until after the sale and a deficiency was shown. There the court said at pages 398 and 399:

" 'It may be, and we think in this case, recourse should be had in determining the date of the maturity of the trust deed. This instrument provides that if the maker of the bonds "shall fail or refuse to pay the bonds, or any of them, or any installment of interest thereon, when due and payable upon presentation at the office of the Metropolitan Trust & Savings Bank of Chicago in the state of Illinois, and the same shall remain unpaid for a period of 30 days, then all of the bonds secured by this deed of trust shall become due and payable." '

" . . . In this case, the guarantor agreed to pay each of these bonds in case defaults in the payment thereof occurred, as it is admitted they did. The 'guaranty' executed by the defendant recites that it

was made 'for the purpose of negotiating the sale of the bond.' Each bond sued upon contained this guaranty, and it is our opinion that the guaranty was given for the purpose of meeting just such a situation as is presented in this case, that is, that the guarantor would pay in case of the defaults in payment by the mortgagor, which admittedly took place."

We are impelled to hold where, as here, an acceleration is made by the trustee, it is made for all purposes and for all bondholders, when made in accordance with the terms and provisions of the trust deed and the bonds. The liability of the defendant guarantors attached as of the date of the acceleration of payment and the trustee's right of action on the guaranty necessarily accrued at the same time. Plaintiff's bonds having become due on August 5, 1931 by the acceleration of their payment and this action not having been instituted until October 3, 1941, which was more than ten years thereafter, it was barred by the statute of limitations. (Par. 17, sec. 16, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.276].)

For the reasons stated herein the order of the municipal court of Chicago is reversed and the cause is remanded with directions to allow defendants' motion to open the judgment by confession and for leave to appear and defend and that further proceedings be had as are not inconsistent with the views expressed herein.

*Order reversed and cause remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.