RUBY M. HELLAND, Plaintiff-Appellee and Cross-Appellant, v. DAVID W. HELLAND, Defendant-Appellant and Cross-Appellee.

Second District   No. 2—90—0606

Opinion filed June 5, 1991.

Vern L. Davitt, of Rockford, for appellant.

David L. Martenson, of Martenson & Associates, of Rockford, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

The circuit court of Winnebago County denied plaintiff's, Ruby M. Helland's, claim for compound interest on the obligation contained in defendant's, David W. Helland's, past-due promissory note. The trial court, however, granted plaintiff attorney fees incurred as a result of her unsuccessful claim. Defendant appeals asserting that: (1) the trial court incorrectly awarded plaintiff attorney fees because such fees were incurred after his payment in full of the promissory note containing the attorney fee provision; and (2) based on plaintiff's failure to prevail in her claim for compound interest, he is entitled to his attorney fees in defense of plaintiff's spurious claim as provided in Supreme Court Rule 137 (134 Ill. 2d R. 137). Plaintiff cross-appeals asserting that the court erred in finding that plaintiff was not entitled to compound interest. We affirm in part and reverse in part.

On January 30, 1984, defendant executed a promissory note payable to plaintiff as part of the parties' judgment of dissolution of marriage. Defendant obliged himself to pay the sum of $12,000 plus interest at a rate of "8% per annum" to plaintiff on or before September 1, 1989. The note further provided that "in the event suit is filed upon the obligation herein stated in any court of competent jurisdiction, upon or after default, costs and reasonable attorney fees" would be paid by defendant in addition to the principal and interest.

Defendant failed to pay the sum due to plaintiff, and, on December 6, 1989, plaintiff filed a complaint to enforce defendant's obligation. Plaintiff specifically alleged that defendant owed "$12,000 principal, $5,600.00 interest through 11/29/89, interest of $2.63 per day beginning November 30, 1989, and reasonable attorney fees and costs." On December 27, 1989, defendant, after notifying counsel for plaintiff, remitted the sum of $18,263.50 representing the above-claimed principal and interest in addition to court costs of $83.50 and estimated attorney fees of $500.

However, plaintiff notified defendant that the sum remitted was insufficient and proceeded to petition the court to allow her use of the funds pending resolution of her claim for compound interest. On March 22, 1990, the court denied plaintiff's claim for compound interest but granted her petition for $1,280.50 in attorney fees. Plaintiff's attorney testified that prior to receipt of defendant's payment, he expended 3.6 hours at a rate of $110, or $396, and that the balance of his fees were incurred in continuing to pursue plaintiff's unsuccessful claim for compound interest. The court denied defendant's motion for reconsideration and this appeal and cross-appeal followed.

Defendant asserts that the court improperly awarded plaintiff attorney fees generated after defendant paid in full his obligation to plaintiff. Plaintiff cross-appeals asserting that, contrary to the court's ruling, defendant's promissory note entitled her to compound rather than simple interest.

■■ We first address plaintiff's claim that the court erred in not granting her compound interest on the principal contained in defendant's promissory note. The law does not favor compound interest. (*Harrington v. Kay* (1985), 136 Ill. App. 3d 561, 570.) Only when no statutory bar is present and the parties specifically agree to compound interest may such interest be applied. (*Harrington*, 136 Ill. App. 3d at 570.) Plaintiff asserts that the language "8% per annum" contained in the promissory note indicated that compound interest was intended. In light of Illinois' disfavor of compound interest, we decline to read that language so expansively.

Several statutory provisions provide for interest "per annum." (See, *e.g.*, Ill. Rev. Stat. 1989, ch. 17, par. 6402 ("[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all monies after they become due").) However, such language has been interpreted as providing for only simple rather than compound interest. (*Braden v. Weinert* (1981), 97 Ill. App. 3d 929, 937-38.) "Per annum" merely denotes the frequency at which the applicable rate of interest is to be applied and does not permit a compounded annual method of computation. See *Lewis v. Stran-Steel Corp.* (1978), 58 Ill. App. 3d 280, 282-83.

So, too, plaintiff's own interpretation of the promissory note was that only simple interest was applicable, as evidenced by the allegations of her complaint. Plaintiff claimed interest owing of $5,600 for the 5 years and 11 months duration of the promissory note. This clearly is 8% simple interest per year. Thus, the trial court's ruling that defendant's promissory note required defendant to pay only simple interest is affirmed.

■■ We now turn to defendant's claim, which is that plaintiff was not entitled to attorney fees for pursuit of her erroneous claim for compound interest. Once again, as with compound interest, the law does not favor the award of attorney fees. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488.) Only when explicitly provided by statute or by agreement is a prevailing party entitled to his opponent's payment of his attorney fees. (*Wheeling Trust & Savings Bank v. Citizens National Bank* (1986), 142 Ill. App. 3d 333, 338-39.) Contractual provisions for attorney fees must be strictly construed, and the court must determine the intention of the parties with respect to the payment of attor-

ney fees. (*Wheeling Trust & Savings Bank*, 142 Ill. App. 3d at 339.) A provision for attorney fees in a note does not generally entitle a party to fees generated in interpreting the note, but rather only those incurred in enforcing the note. (*Wheeling Trust & Savings Bank*, 142 Ill. App. 3d at 339.) Nor can a party recover under a contractual provision allowing for attorney fees in collection of a note when the party fails to establish a right to the amounts claimed. (*First State Bank v. Busse* (1984), 126 Ill. App. 3d 577, 579.) Rather, such a party is limited to the reasonable fees and expenses generated to collect only the amount to which he was entitled under the instrument containing the provision for attorney fees. *First State Bank*, 126 Ill. App. 3d at 579.

■ We begin with the provision of the promissory note by which defendant agreed to pay plaintiff's attorney fees. Defendant agreed "in the event suit is filed upon the obligation herein stated in any court of competent jurisdiction, upon or after default, costs and reasonable attorney fees" would be paid by defendant in addition to the principal and interest. The attorney fee provision of the promissory note clearly only applied in the event of default and was, therefore, intended to apply only to fees generated for the purposes of collection as a result of defendant's failure to pay the amount due. In pursuing her claim for compound rather than simple interest after payment of defendant's obligation, however, plaintiff sought interpretation of the interest provision of the note rather than enforcement of the note. (See *Wheeling Trust & Savings Bank*, 142 Ill. App. 3d at 339.) Such claim obviously was not caused by defendant's default because he had paid the promissory note. Although defendant was in default at the time plaintiff filed suit, the subsequent payment of the balance due in full cured that default, and plaintiff was entitled only to attorney fees incurred prior to cure.

Further, plaintiff's recovery of attorney fees was limited to those reasonable fees and expenses generated to collect only that portion of the obligation to which she was entitled. (*First State Bank*, 126 Ill. App. 3d at 579.) However, plaintiff was not entitled to compound interest, which the trial court itself determined and which we affirm. Thus, the trial court improperly awarded plaintiff fees generated after defendant cured his default, and defendant is entitled to return of such fees paid in excess of $396, which was the amount of fees incurred in the collection of the note.

■ Finally, turning to defendant's claim for his attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), we note that the trial court referred to the difficulty of the issue and its need for extensive personal research as indicative of plaintiff's good faith in

pursuing her claim for compound interest. We do not dispute this finding. However, although such good faith cannot be the basis of an award of contractual attorney fees as claimed by plaintiff, it is a defense to defendant's claim for attorney fees as a sanction for frivolous litigation. Thus, we affirm the trial court's denial of such claim.

The judgment of the trial court finding that plaintiff was not entitled to compound interest is affirmed, as is its denial of defendant's petition for attorney fees. However, we reverse the trial court's award to plaintiff of attorney fees incurred after defendant's payment of his promissory note with simple interest and remand with directions to order the refund to defendant of those attorney fees paid in excess of $396.

Affirmed in part; reversed in part and remanded.

BOWMAN and WOODWARD, JJ., concur.