ROBERT L. MOODY, Plaintiff-Appellee and Cross-Appellant, v. FIRST NATIONAL BANK OF MOLINE, Defendant-Appellant and Cross-Appellee (Davenport Bank and Trust Company, Defendant).

Third District   No. 3—92—0472

Opinion filed February 2, 1993.—Rehearing denied March 5, 1993.

Daniel Churchill, of Churchill & Churchill, of Moline, for appellant.

Franklin S. Wallace and David L. Cunningham, both of Winstein, Kavensky & Wallace, of Rock Island, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Robert L. Moody, brought this conversion action against the defendant, First National Bank of Moline (Bank), to recover $23,155.45 for the face amount of a forged check. The Bank claimed that the action was barred by the doctrines of *laches* and estoppel, and also that it was entitled to a $7,718.48 setoff. Thereafter, the plaintiff filed a motion for sanctions against the Bank's attorneys. On March 5, 1992, the trial court denied the Bank's claim for a setoff and entered judgment in favor of the plaintiff for $23,155.45. The court also denied the plaintiff's motion for sanctions. The court further ordered that the Bank pay the plaintiff post-judgment statutory interest from the date of its order. The Bank appeals the court's

denial of its setoff claim, and the plaintiff cross-appeals the court's denial of prejudgment interest and sanctions. We affirm.

The record shows that the plaintiff retained attorney Joseph Trujillo to represent him regarding an Iowa workers' compensation claim. Attorney Trujillo negotiated a settlement of that claim on April 7, 1987, in which the plaintiff's former employer, Aluminum Company of America (Alcoa), agreed to pay the plaintiff $23,155.45, which included 10% interest per year from the date of the injury.

Attorney Trujillo testified at the trial on the plaintiff's complaint that at the time the plaintiff executed the settlement agreement, attorney Trujillo had already received a check for $23,155.45 from Alcoa made payable to the plaintiff, but that he did not tell this to the plaintiff. Trujillo stated that he forged the plaintiff's signature as an endorsement on the above-mentioned check, affixed his own signature, cashed it at defendant First National Bank of Moline, and deposited the check into his law office trust account at the Bank.

Trujillo further testified that he had negotiated a one-third contingent fee arrangement with the plaintiff. He noted that he had explained to the plaintiff that he would take his one-third fee at the time the settlement check was ultimately issued and that the plaintiff would receive the balance. Trujillo admitted, however, that the Iowa Workers' Compensation Commission did not enter any orders in connection with the case since he did not handle the case through the Commission. Trujillo stated that throughout his representation of the plaintiff he was licensed to practice law in the State of Illinois, but that he subsequently surrendered his licence to the Illinois Supreme Court for cancellation. Thereafter, he was convicted in Rock Island County on an unrelated theft charge and sentenced to three years' imprisonment.

The plaintiff testified that attorney Trujillo repeatedly lied to him about the status of his check and that he relied on those misrepresentations. He acknowledged that he had reached an agreement with Trujillo that the attorney would take his fee from the check to be issued by Alcoa. The plaintiff stated that he first contacted the defendant Bank about the missing check in June of 1989. He noted that he had not done so sooner because he relied on his attorney's representations about the check. Thereafter, the plaintiff contacted the Bank's attorney, who told the plaintiff that the status of the check was "none of his business." On August 24, 1989, the plaintiff's new attorney sent the Bank a letter detailing the factual background of the forgery incident. The Bank subsequently made no offer to make payment on

the check or any part thereof, relying on the doctrines of *laches* and estoppel for its refusal to pay.

On December 18, 1989, the plaintiff filed suit against the collecting bank, First National Bank of Moline, and the drawee bank, Davenport Bank and Trust Co. (Davenport). Among other things, First National Bank of Moline asserted in its answer that it was entitled to a setoff of $7,718.48 as the sum attorney Trujillo was entitled to retain as his one-third contingent fee in the case. Defendant Davenport then filed a cross-claim against defendant First National Bank of Moline based on the affirmative defense of ratification of proceeds, which was subsequently granted. The plaintiff then filed a motion for sanctions against the attorneys for defendant First National Bank of Moline.

The trial court entered judgment for the plaintiff against First National Bank of Moline for $23,155.45, with post-judgment statutory interest accruing from the date of its order. The court also denied the Bank's claim for a setoff. Thereafter, the Bank filed its notice of appeal and the plaintiff cross-appealed. Davenport is not a party to this appeal.

On appeal, the Bank contests only the issue that it was entitled to a setoff for funds due attorney Trujillo.

Section 3—419 of the Uniform Commercial Code—Commercial Paper formerly provided that an instrument is converted when it is paid on a forged endorsement. (Ill. Rev. Stat. 1989, ch. 26, par. 3—419(1).) It further provided:

> "In an action against a drawee *** the measure of the drawee's liability is the face amount of the instrument. In any *other* action *** the measure of liability is *presumed* to be the face amount of the instrument." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 26, par. 3—419(2).)

It has been noted that section 3—419(2)

> "adopts the rule generally applied to the conversion of negotiable instruments, that the obligation of any party on the instrument is presumed, in the sense that the term is defined in this Act *** to be worth its face value. Evidence is admissible to show that for any reason such as insolvency or the existence of a defense the obligation is in fact worth less, or even that it is without value. In the case of the drawee, however, the presumption is replaced by a rule of absolute liability." Ill. Ann. Stat., ch. 26, par. 3—419(2), Uniform Commercial Code Comment, at 329 (Smith-Hurd 1963).

■ It was undisputed that the Bank here was a collecting bank and not a drawee. Thus, the Bank was entitled to rebut the presumption that the measure of liability was the face amount of the instrument. Nonetheless, we find that the trial court properly refused to allow the Bank a setoff for a contingent fee allegedly due attorney Trujillo. Section 86.39 of the code of Iowa provides that "[a]ll fees or claims for legal *** services *** are subject to the approval of the industrial commissioner." (Iowa Code §86.39 (1991).) Illinois has a similar provision (see Ill. Rev. Stat. 1991, ch. 48, par. 138.16a(C)). Here, it was undisputed that attorney Trujillo failed to have his claim for fees approved by the Iowa Industrial Commissioner. Thus, the instant attorney fee was unenforceable under Iowa law as it would be under Illinois law. We therefore find that the Bank did not overcome the presumption that it was liable for the face amount of the instrument. Accordingly, the trial court properly found that the Bank was not entitled to a setoff.

Turning to the plaintiff's cross-appeal, we note that he first argues that the trial court erred in refusing to order the Bank to pay the plaintiff prejudgment interest from the date of the forgery.

Under Illinois law, prejudgment interest is only recoverable on the basis of a contract or statute. (*First Arlington National Bank v. Stathis* (1983), 115 Ill. App. 3d 403, 450 N.E.2d 833.) Section 2 of the Interest Act provides:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance[;] on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." (Ill. Rev. Stat. 1991, ch. 17, par. 6402.)

To recover prejudgment interest based on section 2 of the Interest Act, there must be a fixed and easily calculated amount due from a debtor-creditor relationship that has come into existence by virtue of a written instrument. (*Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 473 N.E.2d 588.) A forged check is not an "instrument" setting up a debtor-creditor relationship within the meaning of the Act. *Wilder Binding Co. v. Oak Park Trust & Savings Bank* (1988), 173 Ill. App. 3d 34, 527 N.E.2d 354.

■ We find the rationale of *Wilder Binding Co.* and *Tomaso* dispositive of the outcome here. In the instant case, the plaintiff failed to establish the existence of a debtor-creditor relationship. The forged check did not create a debtor-creditor relationship between the plaintiff and the Bank. Accordingly, we find that the trial court did not err in refusing to award prejudgment interest.

The plaintiff next argues that the trial court erred in refusing to grant his motion for sanctions.

Supreme Court Rule 137 provides that an attorney's signature on a pleading constitutes a certificate by him that he has read the pleading and that it is well grounded in fact; it is warranted by existing law or a good-faith extension or reversal thereof; and it is not designed to harass or cause unnecessary delay or expense. (134 Ill. 2d R. 137.) It is not sanctionable conduct under Supreme Court Rule 137 to pursue a claim or defense in good faith and yet fail to prevail on the merits. (*Helland v. Helland* (1991), 214 Ill. App. 3d 275, 573 N.E.2d 357.) A trial court's decision to impose sanctions is within its sound discretion, and it will not be disturbed on appeal absent an abuse of that discretion. *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 574 N.E.2d 1390.

■ Here, we find that the plaintiff's sanction argument must be rejected. The Bank had good-faith affirmative defenses based on the doctrines of *laches* and estoppel. Furthermore, the Bank raised a good-faith argument that it was entitled to a setoff. Accordingly, the trial court properly refused to impose sanctions against the Bank's attorneys.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.