# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10635
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

In the Matter of:  TCI COURTYARD, INCORPORATED,

      Debtor

-----------------------------

TCI COURTYARD, INCORPORATED,

      Appellant

v.

WELLS FARGO BANK, N.A., formerly known as Wells Fargo Bank
Minnesota, N.A., as trustee for the registered Holders of JP Morgan Chase
Commercial Mortgage Securities Corp, Commercial Mortgage pass-through
certificates, series 2001-C1,

      Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3465

---

Before PRADO, OWEN, and GRAVES, Circuit Judges.

No. 14-10635

PER CURIAM:*

This appeal arises from the bankruptcy proceedings of TCI Courtyard, Inc. ("TCI"). We affirm.

TCI is the obligor on a promissory note secured by a mortgage on a 200-unit apartment complex in Holland, Ohio. The note and mortgage are held in trust by Wells Fargo Bank, N.A.

After TCI filed a voluntary bankruptcy petition, Wells Fargo asserted a proof of claim in the amount of $15,064,672.83, which included $4,905,246.82 in compound interest. TCI argued that the promissory note only permits the accrual of simple interest, but the bankruptcy court found Wells Fargo's calculations of its claim to be credible and rejected TCI's simple-interest argument as untimely. After the bankruptcy court accepted Wells Fargo's claim, TCI's plan of reorganization was no longer adequate; the bankruptcy court thus dismissed it with prejudice.

TCI appealed to the district court. The district court affirmed because it interpreted the promissory note to compel the imposition of compound interest. It was therefore unnecessary for the district court to address whether the bankruptcy court erred when it found TCI's argument to be untimely. TCI now appeals to this court. Because we agree with the district court's interpretation of the promissory note, we affirm.

In bankruptcy proceedings, we review findings of fact for clear error and conclusions of law de novo.[1] Matters of contract interpretation are questions of law.[2]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).

[2] *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 759 F.3d 427, 432 (5th Cir. 2014).

No. 14-10635

The promissory note, by its terms, is governed by Illinois law.  Under Illinois law compound interest is disfavored: "Only when no statutory bar is present and *the parties specifically agree* to compound interest may such interest be applied."[3]  Because there is no relevant statutory bar under Illinois law, we must determine whether the parties specifically agreed to the accrual of compound interest.

Compound interest is "[i]nterest paid on both the principal and the previously accumulated interest."[4]  The relevant portion of the promissory note, § 4.2, reads: "So long as an Event of Default remains outstanding: (a) interest shall accrue at the Default Rate and, to the extent not paid when due, shall be added to the Principal Amount . . . ."  The note also sets forth an interest rate of twelve percent in the event of TCI's default.  The promissory note thus describes compound interest because it stipulates that after a default by TCI, the unpaid accrued interest would be added to the "Principal Amount," and therefore, the subsequently accruing interest at twelve percent would accrue on a principal including previously accumulated interest.  Therefore, the parties explicitly agreed, without using the term "compound interest," to the accrual of compound interest by describing how such interest would be calculated.

TCI, however, interprets the language of the promissory note differently. It asserts that § 4.2 "merely indicates that any unpaid interest will be added to the principal amount as the total debt due," and that agreements to compound interest must explicitly state that interest added to principal

---

[3] *Helland v. Helland*, 573 N.E.2d 357, 359 (Ill. App. Ct. 1991) (emphasis added); *see also Harrington v. Kay*, 483 N.E.2d 560, 570 (Ill. App. Ct. 1985) ("The law does not favor compound interest (interest on interest) although the parties may specifically agree to such a computation in the absence of a statutory bar.").

[4] BLACK'S LAW DICTIONARY 935 (10th ed. 2014).

becomes interest bearing.  But, TCI's interpretation would render § 4.2 superfluous.  Before it defaulted, TCI owed Wells Fargo both the principal and unpaid accrued interest.  If we accepted TCI's interpretation, § 4.2 would have no actual effect because it would operate only to label the accrued interest as money owed by TCI to Wells Fargo, and the interest was already owed.  Additionally, even without the words "becomes interest bearing" in the contract, there is no further significance to adding interest to principal other than to render that interest interest-bearing.  Under Illinois law, and general rules of contract interpretation, courts should avoid interpreting contract terms as redundant.[5]  Accordingly, § 4.2's remedy of adding accrued interest to the principal amount must be read as a description of compounding interest, rather than a reaffirmation of TCI's obligation to pay accrued interest.

We therefore AFFIRM the judgment of the district court.

---

[5] *Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 368 (Ill. 1998) ("Courts will generally avoid interpretations that render contract terms surplusage . . . ."); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1219 (Ill. 1992) ("A court must strive to give each term in the policy meaning unless to do so would render the clause or policy inconsistent or inherently contradictory."); *see also* Restatement (Second) of Contracts § 203(a) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or *of no effect*." (emphasis added)).