Angeline Coulson, Administratrix of Estate of Clement Coulson, Deceased, Appellant, v. Luther Discerns and Veatress Discerns, Appellees.

Term No. 46F10.

Opinion filed May 6, 1946.  Released for publication May 31, 1946.

HAROLD J. BANDY, of East St. Louis, for appellant.

GREEN & HOAGLAND, of Alton, for appellees; KENNETH F. KELLY, of Alton, of counsel.

MR. JUSTICE BARTLEY delivered the opinion of the court.

The plaintiff, Angeline Coulson, administratrix of the estate of Clement Coulson, deceased, brought her action against the defendants, Veatress Discerns and Luther Discerns, for the alleged wrongful death of the deceased, a seven year old boy, whose death resulted from injuries sustained when he came in contact with a car belonging to the defendant, Luther Discerns, and driven by the defendant, Veatress Discerns.

A motion by each defendant for a directed verdict at the close of the plaintiff's evidence was granted, judgment was entered on the verdict, and plaintiff appeals.

No error is assigned as to the granting of the motion of Luther Discerns.

It appears from the allegations of the complaint, which are admitted by the answer, that on May 6, 1944, Veatress Discerns was operating an automobile in a westerly direction along Thomas street, located in Wood River Township, Madison County, Illinois; that said street passes through a thickly built up residential section; and that on the date aforesaid,

plaintiff's intestate was in the act of starting to cross from the south side to the north side of the street.

The complaint charges general negligence and various specific acts of negligence, and also alleges due care on the part of the plaintiff's intestate and his next of kin, all of which the answer denied.

The evidence shows that Thomas street was a crowned dirt street with an oil top about 15 feet wide. It was admitted on the trial that the boy came in contact with the car and that he died as a result. The evidence also shows that the front door handle on the driver's side of the car was off and that there was no other damage to the car. The boy was lying in the south part of the road, and the door handle was on his head. There was no cross walk where he was lying.

There were no eyewitnesses to the accident except the defendant, Veatress Discerns, and possibly Russell Kearby, a little boy who had just started to kindergarten. Neither was called by the plaintiff.

One witness, Laura Smith, did not see the accident but testified that she heard an awful noise and the scream of a little boy, her next door neighbor, and when she ran defendant's car came up, turned around, "like on two wheels," she heard it "screak," like brakes "screak," that it swerved around, "not real straight, kinda over," but she could not tell whether the car was going fast or slow; that the plaintiff's intestate was lying half way between hers and the Coulson's house.

Louis Perez testified that noise and the screech of the car called his attention to the accident. He looked and saw the car turn around in the street, that the car was turned around about 25 or 30 feet from the boy, that he saw a sock laying in the middle and a shoe further on down, that traveling westward at that point there is an upgrade.

Daniel Ebker driving home saw the car setting on Thomas street at an angle, drove by, saw the boy lying about 140 feet from the Discerns' car, got out of his car and heard Mrs. Discerns say "I hit Dean."

A careful reading of the abstract and the record fails to divulge any other facts bearing on how or under what circumstances the accident happened.

The plaintiff contends that the testimony of Ebker indicates that the defendants' car ran 140 feet after striking plaintiff's intestate, and that this raises a presumption that defendant, Veatress Discerns, did not have the car under reasonable control and that she was not maintaining a proper lookout; that the testimony of Perez shows that a shoe and sock were knocked off the foot of the little boy and that this, together with the testimony that the door handle was torn off, indicates that the impact was terrific and that the automobile was traveling at a rapid rate of speed; that the foregoing indicates that defendant, Veatress Discerns, was driving negligently and that her negligence caused the accident, and that it was therefore improper for the court to grant Veatress Discerns' motion for a directed verdict.

On a motion for directed verdict for defendant, the evidence is considered in its aspect most favorable to the plaintiff, with all the inferences reasonably deducible, to determine whether there is a total failure to prove an element essential to the maintenance of the cause of action alleged. When so considered, if there is no evidence which tends to prove an essential element of plaintiff's cause of action, a motion to direct a verdict in favor of defendant should be granted. (*Beckett v. F. W. Woolworth Co.*, 376 Ill. 470.) No inference of negligence arises from the happening of an automobile accident. (*Casey v. Chicago Rys. Co.*, 269 Ill. 386; *Roberts v. City of Rockford*, 296 Ill. App. 469.) The existence of a certain fact cannot

be reasonably inferred from the evidence when the existence of another fact inconsistent with the first can be inferred from the same evidence with equal certainty. (*Ohio Bldg. Safety Vault Co. v. Industrial Board,* 277 Ill. 96; *O'Connor v. Aluminum Ore Co.,* 224 Ill. App. 613.)

A fact cannot be established by circumstantial evidence unless the circumstances are of a nature and so related to each other that it is the only conclusion that can be drawn therefrom, and mere conjecture, guess or suspicion is insufficient. (*Ohio Bldg. Safety Vault Co. v. Industrial Board, supra.*) The doctrine of *res ipsa loquitur* does not apply to the type of case under consideration. (*Roberts v. City of Rockford, supra.*)

We do not believe Ebker's testimony that the boy was lying 140 feet from the car gives rise to a reasonable inference that the defendants' car ran 140 feet after striking the boy or that defendant, Veatress Discerns, did not have the car under reasonable control, or that she was not maintaining a proper lookout. It does not appear what length of time intervened between the accident and Ebker's coming to the scene, nor whether or not the car had been moved in the meantime. There is no evidence of tire marks or anything to indicate that the car traveled 140 feet before the driver could stop. There is no evidence as to the make of the car, or its mechanical condition, nor evidence indicating that the car did not stop in a reasonable distance. Plaintiff's witness, Perez, testified that the car was turned around about 25 or 30 feet from the boy. A fact may not be reasonably inferred when the only occasion for an inference is a complete absence of evidence as to the particular fact.

Laura Smith's testimony as to the car turning around, "like on two wheels" with the brakes "screaking" does not help. From the latter it does appear that brakes were applied as the car was turning

around, but there is no evidence as to their application at any time before. There is no evidence that the shoe and sock belonged to the boy, nor whether or not they were on his foot at the time of the accident. The bare fact that the door handle was torn off, without any evidence as to its type or condition, does not give rise to a reasonable inference of rapid speed or terrific impact.

Nor do we believe that all of these facts taken together give rise to a reasonable inference of negligence on the part of Veatress Discerns. Insofar as the record in this case is concerned, any proof of negligence on the part of the defendant, Veatress Discerns would be purely a matter of conjecture.

It appears that there was a total failure on the part of plaintiff to prove an essential element of her case, namely, negligence on the part of the defendant, Veatress Discerns. It is therefore unnecessary to consider the question of care on the part of the plaintiff's intestate or his next of kin argued by appellee. The court acted properly in granting the motion for directed verdict.

The judgment of the circuit court of Madison county will, therefore, be affirmed.

*Affirmed.*

STONE, P. J., and CULBERTSON, J., concur.