CHARLES F. WAITE, Plaintiff-Appellant, v. CHICAGO TRANSIT AU-
THORITY *et al.*, Defendants (Metropolitan Life Insurance Company *et al.*,
Defendants-Appellees).

First District (1st Division)   No. 86—2198

Opinion filed June 29, 1987.

Roy W. Sears and Todd Thomas, both of Eckhart, McSwain, Silliman & Sears, of Chicago, for appellant.

William Lynch Schaller, of Baker & McKenzie, of Chicago, for appellee Patent Scaffolding Company.

James East and Stephen Roberti, both of Epton, Mullin, Druth, Ltd., of Chicago, for other appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order granting defendants' motions for summary judgment.

Plaintiff, Charles Waite, brought a personal injury action against

various defendants, including the Chicago Transit Authority (CTA), the city of Chicago, Patent Scaffolding Company, a division of Harsco Corporation (Patent), and Metropolitan Life Insurance Company, Metropolitan Structures, Inc., a/k/a Metco Properties, Inc., Harvey Walken Partnership, and Murphy & Jahn, a corporation (collectively Metco). The CTA and the city of Chicago are not parties to this appeal.

On February 26, 1982, plaintiff followed his customary path to work, proceeding north along Wacker Drive under a sidewalk construction canopy which had been erected by defendant Patent pursuant to a subcontract agreement with codefendant Metco. Approximately 15 to 20 feet south of the curb of Madison Street, plaintiff looked to his left, over the four-foot high protective barrier of the sidewalk canopy, to see whether any traffic was approaching. He testified that nothing obstructed his view as he looked to the left. Plaintiff testified that he saw no vehicles traveling east through the intersection of Wacker and Madison, that he saw no vehicles traveling north on Wacker Drive preparing to turn east onto Madison Street, and that he saw no vehicles traveling west on Madison Street. He also testified that at that moment the "walk signal" indicated that pedestrians crossing Madison Street had the right-of-way.

Plaintiff testified that he continued north for a few steps until he reached the southeast corner of Wacker and Madison. He then turned east under the portion of the sidewalk canopy covering the former curb lane of Madison Street and walked about five to six feet until he passed the second two four-inch canopy support posts. He testified that he had no recollection of turning to his left to move north across Madison Street or of any events that occurred thereafter. After turning north and stepping into Madison Street, plaintiff was struck by a CTA bus traveling east in the reverse flow bus lane of Madison Street.

Defendants Patent and Metco moved for summary judgment based upon the absence of evidence establishing any causal relationship between the scaffold constructed by Patent and plaintiff's injuries.

During oral argument on defendants' motions, plaintiff sought to introduce a videotape that purportedly demonstrated the manner in which one of the four-inch canopy support posts could have precluded plaintiff from seeing the oncoming bus if he had attempted to look to his left before stepping into the reverse flow bus lane. Defendant Patent objected to the videotape evidence, contending that it was speculative since no evidence indicated that plaintiff in fact looked to his

left prior to stepping into the reverse flow bus lane. The trial court agreed and ruled that the videotape was inadmissible.

On July 8, 1986, the trial court granted summary judgment in favor of both Patent and Metco and this appeal followed.

■■■ A motion for summary judgment is properly granted where no triable issue of fact exists. (*First State Bank v. Busse* (1984), 126 Ill. App. 3d 577, 580, 467 N.E.2d 1061.) A party moving for summary judgment is not required to prove its case or to disprove the non-moving party's case. (*Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 101, 468 N.E.2d 477, *appeal denied* (1984), 101 Ill. 2d 582.) Rather, the movant meets its burden by establishing the absence of a genuine issue of material fact. As stated in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847, "if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered." *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497.

■■■ In a negligence action, the plaintiff must establish a duty of reasonable care owed to him by the defendant, a breach of that duty, and an injury proximately resulting therefrom. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 541, 301 N.E.2d 307.) To establish proximate cause, the plaintiff must demonstrate with reasonable certainty that a defendant's alleged acts or omissions caused the injury for which plaintiff seeks recovery. (*McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 46, 243 N.E.2d 657, *appeal denied* (1969), 40 Ill. 2d 579.) The mere occurrence of an accident does not support an inference of negligence (*Watts v. Bacon & Van Buskirk Glass Co.* (1959), 18 Ill. 2d 226, 232, 163 N.E.2d 425.) Absent affirmative and positive proof of causation, plaintiff fails to sustain his burden of establishing the existence of a genuine issue of material fact. *Daly v. Bant* (1970), 122 Ill. App. 2d 233, 241, 258 N.E.2d 382.

The plaintiff argues that summary judgment was improperly entered as the circumstantial evidence here is sufficient to raise an inference that his injury was proximately caused by defendants' negligence in erecting the construction canopy. He contends that the record shows the post was there to block his view and that it is a reasonable inference that the fact that his peripheral vision was blocked was the proximate cause of his injury.

■■■ While it is true that circumstantial evidence may be sufficient when an inference may reasonably be drawn from it (*Mort v. Walter*

(1983), 98 Ill. 2d 391, 396, 457 N.E.2d 18; *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, 891, 416 N.E.2d 710), our courts have held that "[A] fact cannot be established by circumstantial evidence unless the circumstances are of a nature and so related to each other that it is the only conclusion that can be drawn therefrom, and mere conjecture, guess, or suspicion is insufficient." *(Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 735-36, 321 N.E.2d 528, *appeal denied* (1975), 58 Ill. 2d 595, quoting *Coulson v. Discerns* (1946), 329 Ill. App. 28, 32, 66 N.E.2d 728.) Plaintiff here relies solely on the fact that he was injured to impute negligence to the defendants. We find nothing in the record from which it can be inferred that any of the alleged breaches of duty by defendants in erecting the construction canopy was a proximate cause of plaintiff's injuries. The mere possibility that a four-inch canopy support post might have obstructed plaintiff's vision if he had looked to his left is insufficient to establish a causal relationship between defendants' alleged negligence and plaintiff's injuries. See *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 925, 489 N.E.2d 409; *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328.

■ In order to overcome his loss of memory as to the occurrences immediately preceding the accident, plaintiff sought to introduce a videotape to show what his perspective would have been. The trial court declined to view the videotape on the basis that no proper foundation had been demonstrated and that the view depicted by the tape was speculative. Plaintiff asserts that pursuant to section 2–1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2–1005) and Supreme Court Rule 212(a)(4) (87 Ill. 2d R. 212(a)(4)), which provide for the consideration of nonevidentiary depositions and affidavits, the court sitting as the trier of fact may apply a less stringent test in admitting evidence and since the court was required to consider all the evidence in the light most favorable to the nonmoving party, the court erred in refusing to admit the videotape. We disagree.

We believe the videotape was properly excluded as lacking foundation. The view represented by the videotape was entirely speculative and the trial court could not assume, in the absence of any evidence in the record, that plaintiff looked to his left immediately before stepping into the reverse flow bus lane.

■ The tape was also properly excluded on the basis of relevance. Although videotapes are admissible into evidence where they are material and relevant, the trial court has discretion to exclude such evidence where it might confuse or mislead the trier of fact. *(Amstar Corp. v. Aurora Fast Freight* (1986), 141 Ill. App. 3d 705,

708, 490 N.E.2d 1067.) In order for the videotape to have been admissible here, plaintiff would have had to establish the exact location from which he viewed the scaffolding. Here, however, plaintiff could not establish his location and perspective since it was unknown to him. Accordingly, the trial court did not abuse its discretion in excluding plaintiff's videotape.

■ Plaintiff's final argument is that the motion for summary judgment was improperly granted because defendants' motions failed to address all of the allegations in his complaint. The record shows, to the contrary, that the trial court was aware of plaintiff's other theories, heard argument on them, and then ruled in favor of defendants.

It is well settled that a plaintiff must plead and prove more than conclusions to withstand a motion for summary judgment. (*Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 951, 335 N.E.2d 74.) Plaintiff here merely asserted that defendants: (1) failed to properly erect a safe structure; (2) increased the dangers to pedestrians; (3) failed to warn plaintiff and other pedestrians; and (4) was otherwise negligent and careless. In the absence of any factual basis to support these assertions, we believe that the trial court correctly found that plaintiff could not prove any causal connection between the construction canopy and his injuries. Accordingly, we hold that defendants' motions for summary judgment were dispositive with regard to all of the allegations against defendants. See *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 818-19, 416 N.E.2d 328.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.