PENNY L. SMITH, Plaintiff-Appellant, v. THE COUNTY OF WHITE, Defendant-Appellee.

Fifth District   No. 5—87—0713

Opinion filed November 20, 1989.—Rehearing denied December 21, 1989.

Theodore Van Winkle and James L. Van Winkle, both of Van Winkle & Van Winkle, of McLeansboro, for appellant.

Paul R. Lynch and Melissa S. Ellison, both of Craig & Craig, of Mt. Vernon, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This negligence action arose out of an automobile accident which occurred on November 24, 1984, in White County, Illinois. The plaintiff, Penny L. Smith, filed a four-count complaint against defendants Roberta L. Goddard, Brenda K. Fisher, and White County. After dismissing the initial complaint and granting the plaintiff leave to amend, the trial court granted defendant White County's motion to dismiss the amended complaint with prejudice. The other two defendants are not involved in this appeal.

The facts, as alleged in the plaintiff's amended complaint, are that the plaintiff was a passenger in a car driven by Fisher which collided with a car driven by Goddard. Fisher was driving south on County Highway 7, and Goddard was proceeding west on County Highway 2. The intersection of Highway 2 and Highway 7 is a sharp curve which connects the two roads. Stop signs were in place to control traffic approaching Highway 2 from the west and Highway 7 from the south. On Highway 7 approximately 500 feet north of the intersection of Highways 2 and 7 was a traffic control sign warning of the curve ahead and posting a reduced speed limit of 10 miles per hour. No signs were placed along Highway 2 warning of the curve. (The following rough diagram was furnished during oral argument.)

As the Goddard vehicle approached the intersection, it failed to negotiate the curve and struck the Fisher vehicle, injuring the plaintiff. Count III of plaintiff's amended complaint, directed against White County, alleged:

"10. That at the aforesaid time, the defendant, by virtue of Ill. Rev. Stat., ch. 121, section 5—101.10, and ch. 85, section

3—102 and section 3—104(b), was under a duty to exercise ordinary care in regard to posting and maintaining traffic warning signs in the vicinity of said curve and in that regard the defendant, pursuant to Ill. Rev. Stat., ch. 121, section 5—205.2, through the county superintendent of highways, should have undertaken the following acts or knew of the following things or a combination thereof:

A. Traffic warning signs were necessary to warn of the sharp condition of said curve which endangered the safe movement of traffic, and said condition was not otherwise reasonably apparent to or anticipated by a person in the exercise of due care.

B. Post certain warning signs regarding the curve and thereby assumed the duty to exercise reasonable care to place and maintain proper signs regarding the curve.

11. That the aforesaid occurrence was a direct and proximate result of one or more of the following negligent acts or omissions on the part of the defendant or a combination thereof after the defendant for a substantial period of time had actual knowledge of the sharpness of the curve and no signage at the curve on Highway Number 2:

A. Posted a sign showing the direction of the curve and to post speed plates or other signs advising motorists to reduce speed thus leading motorists to believe the curve could be negotiated at the road speed limit of 10 miles per hour notwithstanding the fact that the defendant knew or should have known that the curve was so sharp that a motorist could not reasonably be expected to negotiate the curve at a speed in excess of approximately 10 miles per hour.

B. Failed to post chevron signs and delineating the curve.

C. Failed to post speed plates and chevrons and failed to maintain the arrow sign, which signs, markings or devices were necessary to warn of the sharp condition of the curve, and which condition endangered the safe movement of traffic and would not be either reasonably apparent to or anticipated by a person in the exercise of due care, all in violation of Ill. Rev. Stat., ch. 85, section 3—104(b).''

While the defendant's motion to dismiss consists of 11 paragraphs and alleges nine separate grounds for dismissal, it essentially attacks the plaintiff's complaint on three grounds: (1) failure to allege compliance with the notice provision of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity

Act) (Ill. Rev. Stat. 1985, ch. 85, par. 8—102 (repealed by Pub. Act 84—1431, art. I, §3, eff. Nov. 25, 1986)); (2) failure to state a cause of action because the defendant owed no duty to the plaintiff to provide warning signs; and (3) statutory immunity under section 3—104(a) of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—104(a)). The trial court granted the defendant's motion on all three grounds.

We first address the issue of whether the plaintiff's complaint was subject to dismissal for failure to allege compliance with the notice provision of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—102). Prior to its repeal, that section required that a plaintiff must give notice of her intention to sue a local public entity within one year from the date that the cause of action accrued. Failure to do so resulted in dismissal and "forever barred" further suit. Ill. Rev. Stat. 1985, ch. 85, par. 8—103.

■■ ■ While the plaintiff advances several arguments in support of her position, we need not look beyond the language of the defendant's motion to resolve this issue. Paragraph 11 of defendant's motion to dismiss charges that plaintiff's complaint "fails to allege compliance by the Plaintiff with the provision of Section 8—102 of Chapter 85 of the Illinois Revised Statutes." In *Erford v. City of Peoria* (1907), 229 Ill. 546, 553, 82 N.E. 374, 376, the supreme court considered the notice requirement of the predecessor of the Tort Immunity Act and stated: "Statutes of this character are mandatory and the giving of notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." *Erford*, however, has since been repudiated by our supreme court, which has held that the notice provision of section 8—102 is not a condition precedent to the right to bring suit, but is rather a limitation provision which can be waived by the local public entity. (*Helle v. Brush* (1973), 53 Ill. 2d 405, 410, 292 N.E.2d 372, 375; see also *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 295-96, 348 N.E.2d 176, 180-81.) Since it is not a condition precedent and since it is subject to waiver, it would appear that section 8—102 is in the nature of an affirmative defense which the defendant must raise to defeat the plaintiff's claim. The defendant's motion to dismiss, however, does not state that plaintiff failed to comply with section 8—102, but merely that she did not allege compliance. Since section 8—102 is not a condition precedent to plaintiff's right to bring suit, however, she is not required to allege compliance in her complaint. Therefore, dismissal of plaintiff's complaint on this ground was erroneous.

We next address the issue of whether the trial court erred in dismissing plaintiff's complaint on the grounds that the county owed no duty to the plaintiff to provide a warning sign along Highway 2. The portion of defendant's motion to dismiss that is pertinent to this issue states:

"3. That the provisions of Section 5—101.10 of Chapter 121 of the Illinois Revised Statutes do not create any cause of action that may be the subject of a civil suit for damages by the Plaintiff against this Defendant, and said statutory provision creates no duty by the Defendant to Plaintiff on an individual basis.

4. That Count III fails to allege facts sufficient to state a cause of action against this Defendant under Section 3—102 of Chapter 85 of the Illinois Revised Statutes.

5. That Section 3—102 of Chapter 85 of the Illinois Revised Statutes provides for no such duty as alleged in numbered paragraphs 1 and 10 of Count III of Plaintiff's Amended Complaint.

6. That Count III fails to allege facts sufficient to state a cause of action against Defendant under Section 3—104(b) of Chapter 85 of the Illinois Revised Statutes.

7. That the allegations in numbered paragraphs 10(a) and 11(c) that the dangerous condition of the curve was such that it would not be either 'reasonably apparent to or anticipated by a person in the exercise of due care' is a legal conclusion unsupported by a specific allegation of fact, and Plaintiff has failed to plead specific facts that would demonstrate that a traffic regulatory device was necessary to warn of said alleged dangerous condition."

In determining the propriety of an order granting a defendant's motion to dismiss a complaint, the standard of review is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. (*Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 756, 391 N.E.2d 133, 136.) All properly pleaded facts must be taken as true, and a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will allow plaintiff to recover. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.) Whether the defendant owed a duty to the plaintiff is a question of law to be determined by the court. *Long v. Friesland* (1988), 178 Ill. App. 3d 42, 51, 532 N.E.2d 914, 920.

■ In the instant case we find that the trial court erred in dismissing the plaintiff's complaint on the basis of paragraphs 3 through 7 of defendant's motion. Section 5—101 of the Illinois Highway Code (Ill. Rev. Stat. 1985, ch. 121, par. 5—101) gives the county board of each county "the *powers and duties* stated in Sections 5—101.1 to 5—101.11, inclusive." (Emphasis added.) Section 5—101.10 empowers the board "[t]o place, erect and maintain on county highways all traffic control devices and signs authorized by this Code or by 'The Illinois Vehicle Code' [Ill. Rev. Stat. 1985, ch. 95½, par. 1—100 *et seq.*]." (Ill. Rev. Stat. 1985, ch. 121, par. 5—101.10.) Section 11—304 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—304), in turn, "requires local authorities to post signs to regulate, warn and guide traffic on highways under their maintenance jurisdiction. The statute thus imposes an obligation on local authorities to warn motorists of those hazards which are incident to that portion of a highway *** under local maintenance jurisdiction." (*Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 448, 404 N.E.2d 213, 219.) The plaintiff alleged that defendant breached this duty by failing to warn motorists of a hazardous curve in the road. Once a duty has been established, the question of whether the defendant breached that duty is one for the trier of fact. (*Long*, 178 Ill. App. 3d at 51, 532 N.E.2d at 919.) Therefore the trial court erred in dismissing plaintiff's complaint on the basis of paragraph 3 of defendant's motion.

■ The trial court also erred in dismissing the complaint for failure to state a cause of action under sections 3—102 and 3—104(b) of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, pars. 3—102, 3—104(b) (amended by Pub. Act 84—1431, art. 1, §2, eff. Nov. 25, 1986)). It is well established that a local government has a duty to maintain public highways within its boundaries in a reasonably safe condition. (*Janssen*, 79 Ill. 2d at 450, 404 N.E.2d at 220; *Long*, 178 Ill. App. 3d at 51, 532 N.E.2d at 920.) Section 3—102 of the Tort Immunity Act codifies that obligation. (*Janssen*, 79 Ill. 2d at 450, 404 N.E.2d at 220.) This includes the duty to warn motorists of conditions "which endanger[] the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care." (Ill. Rev. Stat. 1985, ch. 85, par. 3—104(b); *Janssen*, 79 Ill. 2d at 450, 404 N.E.2d at 220.) The plaintiff alleged in her complaint that the county breached the duty imposed by these sections when it failed to post signs on Highway 2 warning of the dangerous curve ahead. The complaint further alleged that the county had knowledge of the dangerous condition of the curve, as

demonstrated by the placement of warning signs along Highway 7, and that the defendant knew or should have known that a motorist could not negotiate the curve at a speed in excess of 10 miles per hour. Taking these facts as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 390 N.E.2d 790, 794), we find that they are sufficient to state a cause of action under sections 3—102 and 3—104(b), and the trial court therefore erred in dismissing the complaint based on paragraphs 4, 5, 6, and 7 of defendant's motion.

The final ground on which the trial court granted defendant's motion to dismiss was that the traffic sign which plaintiffs contended should have been installed on Highway 2 is a "regulatory traffic control device" as defined under section 3—104(a) of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—104(a) (amended by Pub. Act 84—1431, art. 1, §2, eff. Nov. 25, 1986)) and that the defendant is therefore immune from suit for failure to *initially* provide such a sign. Prior to amendment, section 3—104(a) stated:

"Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating signs." Ill. Rev. Stat. 1985, ch. 85, par. 3—104(a).

In *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 404 N.E.2d 213, the plaintiff was injured when his motorcycle collided with a traffic island which extended 5½ feet into the roadway. The supreme court, after finding that the city had a duty to erect signs warning of the hazard, addressed the defendant's contention that the trial court erred in refusing to instruct the jury with regard to immunity under section 3—104(a).

"Several of the signs that witnesses suggested the city post to warn motorists of the dangerous intersection are classified as regulatory signs in the State's 'Manual of Uniform Traffic Control Devices for Streets and Highways.' The city argues that it was entitled to an instruction on section 3—104(a) because the jury could have found that the proposed measures to limit the dangers of the intersection were regulatory signs and that the city was therefore immune. We do not believe, however, that the denomination of a sign as a regulatory or warning sign in the State manual determines whether a particular sign is 'necessary to warn of a condition which endangered the safe movement of traffic,' the standard which governs immunity under section 3—104(b) of the Local Governmental and

Governmental Employees Tort Immunity Act [citation]. [Citation.] The jury was adequately instructed concerning that standard, and we do not believe that additional instructions concerning section 3—104(a) were necessary." *Janssen,* 79 Ill. 2d at 453, 404 N.E.2d at 222.

■ According to *Janssen* then, the immunity available under section 3—104(a) does not apply where a particular sign is necessary to warn of a condition which endangers the safe movement of traffic. As *Janssen* indicates, this is a question to be resolved by the trier of fact. (See *DiOrio v. City of Chicago* (1981), 99 Ill. App. 3d 1047, 1051-52, 425 N.E.2d 1223, 1227-28.) Moreover, there is an additional reason why dismissal of the plaintiff's complaint on this ground was improper.

■ Section 3—104(a) provides immunity to a defendant who *initially* fails to provide traffic regulating signs. The roadway involved contains the same curve and intersection whether one approaches it on Highway 7, on Highway 2, or on either of the subordinate roads. Stop signs were placed at the two subordinate roads at the point of the curve. The defendant installed a warning sign for those approaching the curve on Highway 7. The confluence of the roads must be treated as one entity. For these reasons, the trial court's dismissal of the complaint based on paragraphs 8 and 9 of defendant's motion was also erroneous.

For the above stated reasons, we reverse the order of the circuit court dismissing plaintiff's complaint against the County of White and remand for further proceedings.

Reversed and remanded.

GOLDENHERSH and RARICK, JJ., concur.