NOMA WEST, Plaintiff-Appellant, v. PERRY M. KIRKHAM *et al.*, Defendants (The City of Urbana, Defendant-Appellee).

Fourth District   No. 4—89—0840

Opinion filed July 26, 1990.—Modified on denial of
rehearing September 25, 1990.

Andrew J. Kleczek, of Kelly & Kleczek, of Joliet, for appellant.

Anne C. Burr and Howard W. Small, both of Thomas, Mamer & Haughey, of Champaign, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Noma West filed a damage action against defendant City of Urbana (City) to recover for injuries sustained in an automobile accident on June 9, 1988. The City responded with a motion for summary judgment. The trial court granted that motion, citing the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev.

Stat. 1987, ch. 85, par. 3—104). Plaintiff now appeals, arguing the trial court erred in granting summary judgment in favor of the City. We reverse.

Plaintiff originally filed a two-count complaint for damages against defendants Perry M. Kirkham (Kirkham) and Wheels, Inc., on October 12, 1988. She subsequently filed an amended four-count complaint naming Pfizer, Inc., and the City as additional defendants on January 3, 1989. This appeal concerns only count IV directed against the City.

The complaint alleged the automobiles driven by plaintiff and Kirkham collided at the southeast corner of the Lincoln Avenue-Bradley Street intersection in Urbana, Illinois. She was driving south on Lincoln, attempting to turn left onto Bradley, at the same time Kirkham was driving north through the intersection.

Plaintiff asserts her view of the Kirkham automobile was blocked by two vehicles stopped in the northbound left-turn lane on Lincoln Avenue. She further asserts her view was obstructed by the fact the Kirkham automobile was hidden in the dip of the Lincoln roadway south of the intersection. Plaintiff was not able to observe the Kirkham automobile until after she proceeded past the northbound left-turning traffic and Kirkham had passed through the dip into the Lincoln-Bradley intersection. See map attached as appendix.

Traffic is controlled with lights for both northbound and southbound lanes at the intersection of Lincoln Avenue and Bradley Street. In contrast with its northbound lanes, the southbound lanes on Lincoln Avenue do not have either a separate left-turn lane or a left-turn arrow on the control light for traffic turning onto Bradley Street. Southbound traffic is only permitted to turn left at the intersection when the control light is green for northbound traffic. Northbound traffic is not permitted to turn left onto Bradley at that time. Reversing the pattern, southbound traffic is stopped at the intersection when the left-turn arrow on the control light is green for northbound traffic. The speed limit on Lincoln Avenue is 30 miles per hour.

Based on the foregoing factual allegations, plaintiff asserted the City is guilty of negligence for the following three reasons: (1) failure to provide southbound Lincoln traffic with a left-turn arrow on the control light at the intersection; (2) failure to provide a sign warning of the dip in the Lincoln roadway south of the intersection; and (3) failure to provide northbound Lincoln traffic with a speed-control sign at the dip in the roadway. The City denied these assertions in its answer to the amended complaint.

On August 14, 1989, the City filed a motion for summary judgment in the cause. Relying on the Act to support its motion, the City alleged

plaintiff's complaint failed to state a cause of action as a matter of law. (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.) The City asserted it had no duty as a municipality to initially provide traffic-control lights at the intersection in question under Illinois law. (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.) Moreover, the City next asserted Kirkham's testimony established the lights it had provided at the intersection were fully operational at the time of the accident. (Ill. Rev. Stat. 1987, ch. 85, par. 3—102.) Finally, even assuming it had a duty to warn, the City asserted that testimony also established the accident was not proximately caused by the alleged dip in the Lincoln roadway.

The cause proceeded to hearing on September 27, 1989. After hearing arguments of counsel, the trial court granted summary judgment in favor of the City as to count IV of the amended complaint. The court cited the Act as controlling law in the cause. (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.) Ultimately, the trial court ruled the City did not owe any duty to provide either traffic-control lights or signs at the intersection as a matter of law under the Act. The court then allowed this immediate appeal. 107 Ill. 2d R. 304(a).

■ Plaintiff argues the trial court erred in citing the Act as controlling law in the cause.

The Act provides:

> "Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating or warning sign, device or marking, signs, overhead lights, traffic separating or restraining devices or barriers." Ill. Rev. Stat. 1987, ch. 85, par. 3—104.

This cause is factually analogous to *Smith v. County of White* (1989), 191 Ill. App. 3d 569, 548 N.E.2d 19. In *Smith*, the plaintiff was injured when the car she was riding in as a passenger failed to negotiate a curve and collided with an oncoming vehicle. The driver of the former car was given no warning of the curve. In direct contrast, however, the driver of the latter vehicle was provided with both a curve warning sign and a reduced-speed-limit sign.

In its analysis, the *Smith* court noted the Act provides a municipality with immunity from tort liability for only the *initial* failure to provide traffic-control signs. (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.) Under the facts presented, the defendant had actually engaged in partial regulation of traffic on the roadway. Accordingly, the court remanded the cause for determination of whether the defendant owed a duty to warn of a hazardous roadway condition. *Smith*, 191 Ill. App.

3d at 575-77, 548 N.E.2d at 23-24.

Under the *Smith* analysis, the Act does not control in this case. The facts here show the City had provided traffic-control lights in an asymmetric manner at the Lincoln Avenue-Bradley Street intersection. The City provided a separate left-turn lane and a left-turn arrow on the control light for northbound Lincoln traffic turning on to Bradley, without like provision for southbound traffic, even though the approach through the intersection is identical for both directions of traffic. The City has thus chosen to provide a regulatory traffic control device for northbound motorists but not for southbound motorists. Such a showing precludes the City from tort liability immunity under the Act. (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.) It is also alleged the City did not warn motorists of the dip in the Lincoln roadway immediately south of the intersection. Plaintiff alleges traffic passing through the dip toward the intersection drops momentarily from the view of oncoming motorists. In our view, under the Act, the City has no obligation to warn of the dip in the roadway. The Act has been amended since the occurrence in *Smith*, and the trial court was correct in concluding the City did not owe a duty to provide any warning of the dip or a speed-control sign at the dip. Ill. Rev. Stat. 1987, ch. 85, par. 3—104.

■ The purpose of summary judgment is to determine whether any genuine issue of material fact exists in an action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(d).) Summary judgment benefits both individual litigants and the community at large by disposing of those actions which lack material factual disputes to avoid the congestion of court dockets and the expense of unnecessary litigation. (*Loveland v. City of Lewistown* (1980), 84 Ill. App. 3d 190, 192, 405 N.E.2d 453, 455.) Despite these benefits, summary judgment is a remedy to be awarded with caution so as not to preempt any litigant from presenting the full factual basis for her cause of action. Accordingly, a litigant's right to summary judgment must be clear beyond question in an action. *Perlman v. Times, Inc.* (1978), 64 Ill. App. 3d 190, 194, 380 N.E.2d 1040, 1044.

■ Applying these principles here, we find the trial court erred in granting summary judgment in favor of the City. A municipality has a duty to maintain public roads within its boundaries in a reasonably safe condition. (Ill. Rev. Stat. 1987, ch. 85, par. 3—102.) The circumstances of this case present a genuine issue of material fact whether the City's failure to provide a turn arrow for southbound Lincoln traffic turning onto Bradley after it had chosen to initially provide such an arrow for northbound traffic made the roadway dangerous at this intersection.

We reverse the order of summary judgment and remand the cause for further proceedings.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.

## APPENDIX